CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
JUN - 3 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 3:94cr00061-005 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JEFFREY BLAKE JOHNSON, ) | |
| Defendant. ) | By: GLEN M. WILLIAMS |
| ) | SENIOR UNITED STATES DISTRICT JUDGE |

*I. Background*

The defendant, Jeffrey Blake Johnson, was indicted in December 1994 for his participation in a drug conspiracy that operated in the Harrisonburg, Virginia area. *United States v. Johnson*, Nos. 95-5481 & 95-5482, 1997 U.S. App. LEXIS 2303, *1 (4th Cir. Feb. 12, 1997) (per curiam). The indictment alleged that Robert Lee Bruce, Jr. was the principal and Johnson was a co-conspirator. *Johnson*, 1997 U.S. App. LEXIS 2303, at *1. At trial, the drug charges were supported by the testimony of more than half a dozen witnesses who were involved with Bruce and Johnson in crack cocaine distribution. *Johnson*, 1997 U.S. App. LEXIS 2303, at *2. In addition, surveillance evidence of controlled buys of crack cocaine was introduced. *Johnson*, 1997 U.S. App. LEXIS 2303, at *2. Bruce and Johnson were convicted on all counts by a jury of their peers. *Johnson*, 1997 U.S. App. LEXIS 2303, at *2. In particular, Johnson was found guilty of one count (Count 1) of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and § 841(a)(1) and § 841(b)(1)(A) and three counts (Counts 4, 5 and 26) of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). (*See* Docket Item No. 119.) On May 31, 1995, Johnson was sentenced to a term of

-1-

imprisonment of 360 months for Count 1 and 240 months as to each of Counts 4, 5 and 26, all of which were ordered to be served concurrently. (*See* Docket Item No. 119.) Johnson is currently incarcerated at the Federal Correctional Complex in Petersburg, Virginia. (*See* Docket Item No. 243.)

On May 1, 2007, the United States Sentencing Commission, ("Sentencing Commission"), acting pursuant to 28 U.S.C. § 994(p), submitted to Congress an amendment to the United States Sentencing Guidelines, ("Guidelines"), which sought to reduce sentencing ranges under the Guidelines by lowering offense levels for crack cocaine convictions by two levels. *See* United States Sentencing Comm'n, Report to Congress: Cocaine and Federal Sentencing Policy (May 2007); *see also Kimbrough v. United States*, 128 S. Ct. 558, 569 (2007) (providing a history of the Sentencing Commission's efforts to reduce offense levels for crack cocaine convictions). The amendment became effective November 1, 2007, pursuant to 28 U.S.C. § 994(p), becoming Amendment 706 to the Guidelines. *See* U.S. SENTENCING GUIDELINES MANUAL supplement to app. C (2007). On December 11, 2007, the Sentencing Commission decided, pursuant to its authority under 28 U.S.C. § 994(u), that, effective March 3, 2008, Amendment 706 would apply retroactively to offenders who were sentenced under prior versions of the Guidelines and who are still incarcerated, which means that it applies to prisoners, such as Johnson, who were sentenced for crack cocaine offenses before November 1, 2007. *See* U.S. SENTENCING GUIDELINES MANUAL supplement to 2007 supplement to app. C (2008).

After reviewing Johnson's case, and it appearing that Johnson might be eligible for a sentence reduction under Amendment 706, this court entered an Order on March 11, 2008, informing both parties that the court was not inclined to

-2-
Case 3:94-cr-00061-JPJ   Document 249   Filed 06/03/08   Page 2 of 13   Pageid#: 406

grant a reduction to Johnson's sentence. Based on an Addendum to the Presentence Investigation Report, (Docket Item No. 238), prepared by the court's probation office, Johnson's amended guideline range would be 292 to 365 months if his guideline range were recalculated under the Guidelines, taking Amendment 706 into account. Johnson's original guideline range was 360 months to life, and he was originally sentenced to 360 months. Because Johnson's original sentence fell squarely within the new, recalculated guideline range, and due to Johnson's criminal history, his level of involvement in the conspiracy for which he was found guilty by a jury and his refusal to accept responsibility, this court, in its earlier Order, opined that a reduction reflecting a sentence of fewer than 360 months was not warranted. The court ordered both parties to file grounds for any objections to the court's proposed decision to deny Johnson's request for reduction.

In response to this court's Order, the Government filed a brief on March 20, 2008. (Docket Item No. 242.) Thereafter, on April 4, 2008, the defendant, proceeding pro se, filed objections. (Docket Item No. 243.) The defendant raised further objections through counsel in a brief filed on April 7, 2008. (Docket item No. 246.) After considering the arguments made by Johnson, the letters filed on his behalf and other factors in accordance with the Sentencing Commission's policy statement, the undersigned has concluded that Johnson's sentence should be amended to reflect a sentence of 324 months.

## II. Analysis

Johnson argues that this court should modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), which states in relevant part:

(c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that —

. . . .

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),[1] upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c) (2006).

The applicable policy statement provides as follows:

(a) Authority.
    (1) In general. In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

. . . .

(b) Determination of reduction in term of imprisonment.
    (1) In general. In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been

---

[1] In relevant part, 28 U.S.C. § 994(o) states: "The Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section."

-4-

applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

. . . .

(c) Covered amendments. Amendments covered by this policy statement are listed in Appendix C as follows: . . . and 706 as amended by 711.

U.S.S.G. § 1B1.10 (supp. effective March 3, 2008).

Thus, Johnson relies on the language of 18 U.S.C. § 3582(c)(2), and the applicable policy statement found at U.S.S.G. § 1B1.10, which lists Amendment 706, as amended by 711, as a covered amendment, to argue that he is eligible for a reduction. The court agrees that Johnson is eligible for a modification of his sentence and recognizes that it is authorized, under 18 U.S.C. § 3582(c)(2), to modify Johnson's sentence after considering the relevant factors. However, before discussing the reasons behind the court's decision to grant a reduced sentence, the court would first like to address several side arguments raised by Johnson, which are unrelated to his § 3582(c)(2) motion.

### A. *Apprendi*

Johnson argues, based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that he should not be sentenced to more than 20 years, the statutory maximum for a violation of 21 U.S.C. § 841, for an unspecified drug weight, and also that he is not

-5-

Case 3:94-cr-00061-JPJ  Document 249  Filed 06/03/08  Page 5 of 13  Pageid#: 409

subject to a minimum mandatory penalty because a specified drug weight was not charged in the indictment, and a drug weight was not found by a jury beyond a reasonable doubt. (Response to Order and Motion for Reduction of Sentence, Docket Item No. 246, "Defendant's Second Brief"). Johnson argues that such is the case because *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

However, Johnson's *Apprendi* argument is the type of challenge that is made properly in a motion pursuant to 28 U.S.C. § 2255, a statute which allows for collateral attack on erroneous sentences.[2] *See generally United States v. Wilson*, 12 Fed. Appx. 184 (4th Cir. 2001). 18 U.S.C. § 3582(c)(2), on the other hand, allows for reduction in a term of imprisonment, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . ." As such, this court does not have the authority to consider Johnson's *Apprendi* challenge in a motion pursuant to 18 U.S.C. § 3582(c)(2).

As the United States Court of Appeals for the Fourth Circuit has instructed, "[a] resentencing pursuant to § 3582(c)(2) is not a de novo proceeding, but merely a form of limited remand." *United States v. Smith*, 11 Fed. Appx. 165, 167 (4th Cir. 2001) (citing *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir. 1997)).

---

[2] However, even a properly raised challenge, pursuant to 28 U.S.C. § 2255 would fail, because *Apprendi* states a new rule of law that cannot be applied retroactively to cases on collateral review. *See Harris v. United States*, 536 U.S. 545, 581 (2002) (stating that "[n]o Court of Appeals, let alone this Court, has held that *Apprendi* has retroactive effect"); *see also United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001).

-6-
Case 3:94-cr-00061-JPJ Document 249 Filed 06/03/08 Page 6 of 13 Pageid#: 410

Thus, this court will only consider the effect of the retroactive amendment and will not consider any other sentencing or guideline issues raised by *Apprendi*. *See Smith*, 11 Fed. Appx. at 167.

## B. *Booker*

Johnson also argues that the court should treat the amended guidelines as advisory only, in accordance with *United States v. Booker*, 543 U.S. 220 (2005), and its progeny. (Defendant's First Brief at 19-22, Defendant's Second Brief at 3.) Johnson makes this argument seeking a reduction below the amended guideline range.[3] (Defendant's Second Brief at 4.) Again, Johnson's argument is misplaced. *See United States v. Foster*, 257 Fed. Appx. 652, 653 (4th Cir. 2007) (determining that relief based on *Booker* is unavailable under § 3582(c)(2)) (citations omitted).

18 U.S.C. § 3582(c)(2) authorizes this court to reduce Johnson's imprisonment, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c) (2006). The applicable policy statement, U.S.S.G. § 1B1.10, states, in relevant part, that:

> (2) Exclusions. A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if –
> (A) None of the amendments listed in subsection (c) is applicable to the defendant . . . .

---

[3]It should be noted that even if the court were to determine that *Booker* is applicable on a proceeding pursuant to § 3582(c)(2), the court would nevertheless impose the same term of imprisonment.

-7-
Case 3:94-cr-00061-JPJ   Document 249   Filed 06/03/08   Page 7 of 13   Pageid#: 411

While Amendment 706, as amended by 711, is an amendment listed in subsection (c) of the policy statement, and that amendment can be applied retroactively to Johnson's case, the policy statement also makes clear that:

> [i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted . . . the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

*See* U.S.S.G. § 1B1.10 (supp. effective March 3, 2008).

Therefore, 18 U.S.C. § 3582(c)(2), permits a reduction of sentence as a result of a subsequent amendment to the guidelines by the Sentencing Commission, but does not permit a reduction based on a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines. "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, *Booker* is inapplicable to § 3582(c)(2) motions." *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). Moreover, the United States Court of Appeals for the Fourth Circuit has determined that it is not clear error or abuse of discretion to refuse to apply *Booker* to sentence reductions under 18 U.S.C. § 3582(c)(2). *See United States v. Hudson*, 242 Fed. Appx. 16 (4th Cir. 2007) (certiorari denied by *Hudson v. United States*, 2008 U.S. LEXIS 1444 (Feb. 19, 2008)).

In addition, the policy statement applicable to Johnson's case, U.S.S.G. § 1B1.10, states that: "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . ." unless "the original

-8-
Case 3:94-cr-00061-JPJ    Document 249    Filed 06/03/08    Page 8 of 13    Pageid#: 412

term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing . . . ." *See* U.S.S.G. § 1B1.10 (supp. effective March 3, 2008). In this case, Johnson's original term of imprisonment imposed was *not* less than the term of imprisonment provided by the guideline range applicable to Johnson at the time of sentencing, and thus, the court will not reduce his term of imprisonment to an amount lower than the amended guideline range.

## C. Alleged Errors in the Presentence Report

Johnson also makes multiple arguments regarding alleged errors in the Presentence Report, ("PSR"), and its Addendum, regarding code citations and the amount and type of drugs attributed to Johnson. (Defendant's Motion for Reduction of Sentence, Docket Item No. 243, "Defendant's First Brief"). As to the court's findings regarding Johnson's responsibility for one kilogram of crack cocaine and this court's reliance on the PSR, Johnson has previously made this argument before, to no avail. As the Fourth Circuit noted,

> The district court's finding[] that . . . Johnson was responsible for more than one kilogram of cocaine [is] more than adequately supported by evidence in the [PSR] adopted by the district court. The calculation for Johnson was supported by the statements of codefendants Benny Paul and Helen Harrison, who testified to having seen Johnson possess and sell cocaine. Paul estimated the amount at one kilogram. Harrison stated that she saw Johnson and another individual with large plastic bags of crack cocaine covering a six-foot long table and "stated she could not even see the tabletop and that the crack cocaine bags were piled up on one another." . . . Under such circumstances, the district court's reliance on the [PSR] was not clearly erroneous.

*Johnson*, 1997 U.S. App. LEXIS 2303 at *5-6. Moreover, these types of arguments cannot be considered in a § 3582(c)(2) motion. The applicable policy statement issued by the Sentencing Commission makes clear that "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10 (supp. effective March 3, 2008).

### *III. Johnson's Sentence*

The court will now set forth its reasons for reducing Johnson's sentence from 360 months to 324 months. It must first be noted, however, that both the language of 18 U.S.C. § 3582(c)(2) and precedent indicate that this court's power to reduce a sentence is discretionary. *See generally United States v. McHan*, 386 F.3d 620 (4th Cir. 2004); *United States v. Fletcher*, 74 F.3d 49 (4th Cir. 1996). Furthermore, a sentencing under 18 U.S.C. § 3582(c)(2), as explained previously, does not constitute a de novo sentencing. *See Smith*, 11 Fed. Appx. at 167 (citing *Cothran*, 106 F.3d at 1562). Therefore, in determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment 706, as amended by 711, and all other guideline application decisions will remain unaffected. *See* U.S.S.G. § 1B1.10, comment. (n.2) (supp. effective March 3, 2008).

Had Amendment 706 been in effect at the time of Johnson's sentencing, Johnson's total offense level would have been 37 and his guidelines range would have been 292 to 365 months, instead of 360 months to life. *See* U.S.S.G. § 2D1.1(c) (2007). Because Johnson's sentencing range has been lowered under

Amendment 706, he is eligible for a reduction. The Sentencing Commission's policy statement provides that in determining whether a reduction should be granted under § 3582(c)(2), and the extent of such a reduction, the court must consider the factors set forth in 18 U.S.C. § 3553(a), as well as the danger to any person or the community. U.S.S.G. § 1B1.10 cmt. n. 1(B) (supp. effective March 3, 2008). The policy statement also provides that the court may consider the post-sentencing conduct of the defendant.[4] U.S.S.G. § 1B1.10 cmt. n. 1(B) (supp. effective March 3, 2008).

Based on the filings and the evidence of record, the court is of the opinion that a term of imprisonment of 324 months is sufficient to reflect the seriousness of the offense, as detailed above, and to promote respect for the law and to provide just punishment. The defendant was not the actual organizer, but certainly was a leader in the criminal activity involved, and the court feels that this sentence adequately accounts for Johnson's culpability.

The court also believes that this sentence will serve the goals of deterrence and rehabilitation. While Johnson argues that he has been sanctioned for only a handful of minor disciplinary incidents in his over 14 years of incarceration, (Plaintiff's Second Brief at 5), and suggests that his rehabilitation is complete, records show that as late as April 1, 2007, Johnson was involved in, and admitted to, conducting a gambling pool. (Government's Response in Opposition to Motion for Modification or Reduction of Sentence Pursuant to Title 18 United States Code Section 3582(c), "Government's Response," Attachment 1, at 1.) Moreover, while

---

[4] The Fourth Circuit has held that the "'[a]pplication Notes in the Sentencing Guidelines are binding and therefore limit sentencing discretion unless the Notes are contrary to federal law.'" *United States v. Hudson*, 272 F.3d 260, 263 (4th Cir. 2001) (citing *United States v. Banks*, 130 F.3d 621, 624-25 (4th Cir. 1997)).

incarcerated, Johnson has been sanctioned for fighting and possessing gambling paraphernalia. (Government's Repsonse, Attachment 1, at 1-5.) Nevertheless, it does appear that Johnson has taken significant steps in the rehabilitation process. While incarcerated, he has completed the Residential Comprehensive Drug Abuse Program, career counseling, computer training and has taken advantage of various other educational opportunities offered by the Bureau of Prisons. (Defendant's First Brief, Exhibit J.) In addition, letters to the court by family and friends of Johnson are in one accord: he has bettered himself while incarcerated. The court therefore feels that a sentence reduction to 324 months is sufficient to provide the defendant with time to continue rehabilitation and to deter the defendant from committing the same offenses upon return to society.

The court is also of the opinion that the reasons provided by the United States Sentencing Commission for Amendment 706 are compelling and require a reduction to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* U.S. SENTENCING GUIDELINES MANUAL supplement to app. C (2007). And lastly, while the defendant's criminal history paints a violent past, the court believes and truly hopes that the defendant has rehabilitated himself to the point where, after serving a sentence of 324 months, he will no longer be a danger to any person or the community.

### IV. *Johnson's Request for Counsel and a Hearing*

Johnson argues that counsel should be appointed and a resentencing hearing should be scheduled so that he can present mitigating evidence. (Defendant's First Brief at 1, Defendant's Second Brief at 5-6.) It is well settled that a criminal

defendant has no right to counsel beyond his first appeal. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)) (quotations omitted). A motion pursuant to § 3582(c)(2) "'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" *Legree*, 205 F.3d at 730 (citing *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999)).

Furthermore, a judge need not hold a hearing when considering a § 3582(c)(2) motion. *Legree*, 205 F.3d at 730 (citing *Tidwell*, 178 F.3d at 949). According to Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence is not required when "the proceeding involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)." Thus, Johnson's motion for counsel and a resentencing hearing is denied.

## *IV. Conclusion*

For the foregoing reasons, the defendant's Motion for Reduction of Sentence is granted and defendant is hereby resentenced to a term of imprisonment of 324 months. Further, the defendant's motion to appoint counsel and motion for a resentencing hearing is denied.

An appropriate order will be entered.

**ENTERED:** This 3RD day of June 2008.

THE HONORABLE GLEN M. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE