# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 3:94CR00061-005 |
| v. | ) | **OPINION** |
| | ) | |
| **JEFFERY BLAKE JOHNSON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jeffery Blake Johnson, Pro Se Defendant.*

Defendant Jeffery Blake Johnson has filed a pleading that he styles as a "MOTION TO CORRECT JUDGMENT BASED ON FRAUD UPON THE COURT PURSUANT TO *HAZEL-ATLAS GLASS CO*." Based on the nature of his claims, I construe Johnson's pleading as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011) and summarily dismiss it as successive, pursuant to 28 U.S.C.A. § 2255(h).

Johnson asserts that the court should correct the May 31, 1995, criminal judgment entered against him. Specifically, he contends that a probation officer intentionally included erroneous information in the Presentence Investigation Report ("PSR") that was considered for purposes of determining Johnson's criminal sentence. Johnson rests this claim on letters the probation officer wrote to

the Bureau of Prisons years after the sentencing, purportedly admitting that Johnson's sentence was erroneously calculated.

Johnson cites no authority allowing me to revisit his federal criminal sentence at this late date, based on the information he presents, and I find no such authority other than § 2255. The nature of his allegations, seeking to correct his criminal sentence based on an assertion that it was invalid as imposed, supports my finding that the defendant's motion is properly construed as a § 2255 motion.[1]

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255(h). Court records indicate that Johnson previously filed a § 2255 motion concerning this same conviction and sentence, *United States v. Johnson*, No. 7:98CV00403 (W.D. Va. Apr. 28, 2000), *appeal dismissed*, 3 F. App'x 110 (4th Cir. Feb. 13, 2001). Because Johnson offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss his current action without prejudice.

---

[1] Johnson asserts in the motion itself that it "is an independent action separate and apart from any motion pursuant to 28 U.S.C. § 2255." (Mot. at 1.) When a criminal defendant files a motion bringing a claim that he is entitled to relief from the criminal judgment in some respect, regardless of the title the defendant places on the motion, the court should construe it as a habeas action and dismiss it as successive if the defendant has previously sought habeas relief from the same judgment. *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005).

I also note that Johnson has included portions of the PSR and addendums to the PSR as exhibits to his motion. It is the court's policy to maintain the PSR under seal. Accordingly, I will direct the clerk to place certain of Johnson's exhibits under seal.

A separate Order will be entered herewith.

ENTER: October 3, 2011

/s/ James P. Jones
United States District Judge