# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:94CR00061-005 |
| v. | **OPINION** |
| **JEFFERY BLAKE JOHNSON,** | By: James P. Jones |
| Defendant. | United States District Judge |

*Jeffery Blake Johnson, Pro Se Defendant.*

Defendant Jeffery Blake Johnson, who was sentenced to imprisonment by this court in 1995, has filed a pleading that he styles as a "MOTION TO CORRECT CLERICAL ERROR(S) ERRONEOUSLY RECORDED IN THE RECORD AND IN THE COURT'S JUDGMENT IN THIS CASE, PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 36 AND MEMORANDUM OF LAW IN SUPPORT OF MOTION." Based on the nature of his claims, I deny Johnson's motion under Rule 36, construe this pleading as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012), and summarily dismiss it as successive, pursuant to 28 U.S.C.A. § 2255(h).

Johnson asserts that the court should correct typographical errors in his Presentence Investigation Report ("PSR") that do not match the statutory references set forth in Count One of the Indictment in his case. Count One charged that Johnson and others conspired "[t]o possess with intent to distribute and to distribute a quantity of a mixture or substance containing cocaine and cocaine base, also known as 'crack', in violation of Title 21, United States Code, Section 841(a)(1)." Johnson contends that the first page of his PSR erroneously described his drug conspiracy conviction on Count One as a violation of 21 U.S.C.A. §§ 846, 841(a)(1), and 841(b)(1)(A). He also points out that Paragraph 79 of the PSR erroneously stated that "the maximum term of imprisonment for Count One is 20 years to life," pursuant to "§ 841(b)(1)(A)."

In 1995, when Johnson was sentenced by the late Glen M. Williams, Senior United States District Judge, subsection 841(b)(1)(A) mandated a sentence of 10 years to life in prison for violations of § 841(a)(1) involving 50 grams or more of a substance containing cocaine base.[1] 21 U.S.C.A. § 841(b)(1)(A) (West 1995). The penalty range under this subsection increased to 20 years to life in prison if the defendant had a prior drug felony conviction. The United States did not charge Johnson with an offense under § 841(b)(1)(A), however, or move to enhance his

---

[1] The court adopted the PSR finding that Johnson should be held accountable for no less than one kilogram of crack cocaine for sentencing purposes.

sentence based on any prior conviction under this subsection. Johnson asserts that because the Indictment did not charge him under § 841(b)(1)(A), his maximum sentence on Count One should have been 20 years, pursuant to § 841(b)(1)(C). Johnson further contends that I should now correct the erroneous statutory citations in the PSR, pursuant to Rule 36.

In limited circumstances, courts have relied on Rule 36 to correct a clerical error in the court's record that adversely affected the length of the sentence the court imposed.

> [W]hen an error is purely a "clerical error in a judgment, order, or other part of the record," the policy of finality is trumped and a court is authorized to correct the error at any time. See Fed. R. Crim. P. 36. Such an error, however, may not be a judicial or substantive error but must be purely clerical. The errors most commonly subject to correction under Rule 36 are thus recording or scrivener's errors that make a difference.

*United States v. Powell*, 266 F. App'x 263, 266 (4th Cir. 2008) (unpublished) (citing examples correcting clerical errors).

The record in Johnson's case, however, does not reflect that the PSR reference to § 841(b)(1)(A) has had any effect whatsoever on Johnson's sentence. Applying the applicable provisions of the then-mandatory U.S. Sentencing Guidelines Manual ("USSG"), the court calculated Johnson's sentence using the drug quantity of a kilogram of crack cocaine, as reported in the PSR and adopted by the court, and Johnson's Criminal History Category of IV. These findings

resulted in a custody range of 360 months to life in prison under the 1994 version of the guidelines. Judge Williams sentenced Johnson to 360 months in prison, the bottom of the guideline range, and the United States Court of Appeals for the Fourth Circuit affirmed the Judgment. *United States v. Johnson*, Nos. 95-5481, 95-5482, 1997 WL 56903 (4th Cir. Feb. 12, 1997) (unpublished), *cert. denied*, 520 U.S. 1281 (1997).

The PSR reference to § 841(b)(1)(A) has also had no effect on Johnson's sentencing prospects in proceedings subsequent to his direct appeal. In 2008, the Court reviewed Johnson's eligibility for a sentence reduction under retroactive amendments to the crack cocaine sentencing guideline and 18 U.S.C.A. § 3582(C). Relying only on Johnson's drug quantity and not on any sentence limitation in § 841(b)(1)(A), the court reduced Johnson's sentence to 324 months in prison.[2] (Order, June 3, 2008, ECF No. 250.) In 2011, under another retroactive amendment, I reviewed Johnson's motion for reduction and determined that he was not eligible for any reduction under § 3582(c), stating:

> The defendant was held responsible for one kilogram of cocaine base. Under Amendment 750 to the U.S. Sentencing Guidelines, the base offense level corresponding to that specific drug weight remains 34, and the total offense level remains 37. Therefore, the guideline range is not reduced and the defendant is ineligible for a reduction under 18 U.S.C. § 3582(c)(2).

---

[2] *See United States v. Johnson*, 556 F. Supp. 2d 563, 567-70 (W.D. Va.), aff'd, 300 F. App'x 221 (4th Cir. 2008) (unpublished) (rejecting, *inter alia*, Johnson's argument that his sentence should be reduced to 20 years under § 841(b)(1)(C)).

-4-

(Order, Dec. 5, 2011, ECF No. 286.)

Because I find no respect in which Johnson has been adversely affected by the PSR errors of which he complains, I cannot find that he is entitled to have these errors corrected under Rule 36.

Johnson's real aim in this motion is to have the court revisit and reduce his criminal sentence, based on alleged illegalities. The nature of his allegations, seeking to correct his criminal sentence based on an assertion that it was invalid as imposed, supports my finding that the defendant's motion is properly construed as a § 2255 motion.[3]

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255(h). Court records indicate that Johnson previously filed a § 2255 motion concerning this same conviction and sentence. *United States v. Johnson*, No. 7:98CV00403 (W.D. Va. Apr. 28, 2000), *appeal dismissed*, 3 F. App'x 110 (4th Cir. 2001). Because Johnson offers no indication that he has obtained certification from the court of

---

[3] When a criminal defendant files a motion bringing a claim that he is entitled to relief from the criminal judgment in some respect, regardless of the title the defendant places on the motion, the court should construe it as a habeas action and dismiss it as successive if the defendant has previously sought habeas relief from the same judgment. *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005).

appeals to file a second or successive § 2255 motion, I must dismiss his current action without prejudice.

I also note that Johnson has included the PSR as an exhibit to his motion. It is the court's policy to maintain the PSR under seal. Accordingly, I will direct the clerk to place certain of Johnson's exhibits under seal.

A separate Order will be entered herewith.

ENTER: February 26, 2013

/s/ James P. Jones
United States District Judge

-6-

Case 3:94-cr-00061-JPJ   Document 300   Filed 02/26/13   Page 6 of 6   Pageid#: 1095